**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BLANCA MENDOZA-SHEARD,<br>　　　　Appellant, | DOCKET NUMBER<br>DA-0752-14-0533-I-1 |
| 　　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　Agency. | DATE: August 25, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Blanca Mendoza-Sheard, San Antonio, Texas, pro se.

Thomas Herpin, Esquire, Houston, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal of a 30-day suspension as moot. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We agree with the administrative judge's conclusion that the appeal is moot. We MODIFY the initial decision's analysis of the merits of the appellant's discrimination claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) because that claim is also moot. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

¶2    Effective June 24, 2014, the agency suspended the appellant for 30 days from her GS-05 Secretary position based on the following two charges: (1) absent without leave; and (2) failure to follow proper leave requesting procedures. Initial Appeal File (IAF), Tab 1 at 17-20. The appellant appealed her suspension to the Board and requested a hearing. *Id.* at 1-7. She disputed both charges and asserted multiple affirmative defenses. *See id.* at 6; IAF, Tab 5, Tab 13 at 5-6. She also requested compensatory damages.[2]  IAF, Tab 1 at 6.

---

[2] Our regulations provide that a compensatory damages request must state the amount of damages sought and the reasons why the appellant believes she is entitled to an award under the applicable statutory standard. 5 C.F.R. § 1201.204(b). The appellant's request did not comply with this requirement. We find it appropriate to waive the appellant's failure to comply, however, because the record indicates that she was never apprised of it. *See* 5 C.F.R. § 1201.12; *see also Calhoon v. Department of the Treasury*, 90 M.S.P.R. 375, ¶ 14 n.7 (2001).

During the prehearing conference, the agency informed the administrative judge that it had rescinded the 30-day suspension. *See* IAF, Tab 15 at 1. In an order and summary of the telephonic prehearing conference, the administrative judge informed the appellant that, although an agency's rescission of the appealed action could divest the Board of jurisdiction and render the appeal moot, the Board retains jurisdiction over a discrimination claim where there is a viable claim for further relief, such as compensatory damages. *Id.* at 2. She then stated that the only issues in dispute were whether the suspension: was the result of disability discrimination; was the result of discrimination under USERRA; and was the result of sex discrimination or in violation of the Pregnancy Discrimination Act. *Id.* at 3. Finally, she apprised the appellant of the burdens of proof for those issues. *Id.* at 3-11. In an order and summary of the conference call, she provided further clarification of the issues. IAF, Tab 25 at 3-4.

¶3      After holding a hearing, the administrative judge issued an initial decision dismissing the appeal as moot. IAF, Tab 40, Initial Decision (ID) at 1, 25-26. She also found that the appellant failed to prove her affirmative defenses of discrimination based on sex, disability, and prior military status.[3] ID at 7-25.

¶4      The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has not responded.

¶5      The administrative judge correctly rejected the appellant's affirmative defenses and dismissed the appeal as moot. The administrative judge determined, and the appellant does not dispute, that the agency rescinded the 30-day suspension and that she has received all of the back pay to which she is entitled. *See* ID at 6 n.4. For an appeal to be deemed moot, however, the employee must have received all of the relief that she could have received if the matter had been adjudicated and she had prevailed. *Antonio v. Department of the Air Force*, 107 M.S.P.R. 626, ¶ 9 (2008). As the administrative judge correctly recognized,

---

[3] The appellant's claim of pregnancy discrimination is a form of sex discrimination. *See Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 26 (2015).

when an appellant has an outstanding discrimination claim and has raised what appears to be a further claim for compensatory damages before the Board, the agency's complete rescission of the adverse action appealed does not afford her all the relief that she could have received if the matter had been adjudicated and she had prevailed. ID at 6; *see Antonio*, 107 M.S.P.R. 626, ¶ 13. Because the appellant could have been entitled to compensatory damages based on her sex and disability discrimination claims, the administrative judge properly considered these claims below. 5 C.F.R. §§ 1201.201(d), 1201.202(c); *see Schultz v. U.S. Postal Service*, 70 M.S.P.R. 633, 639 (1996). The administrative judge correctly determined that the appellant failed to establish these affirmative defenses. ID at 7-23. Therefore, they do not preclude dismissal of the appeal as moot. ID at 25.

¶6         However, we modify the analysis in the initial decision of the appellant's claim of discrimination based on her prior military status. USERRA does not authorize an award of damages against a Federal agency. *See* 38 U.S.C. § 4324(c); *Isabella v. Department of State*, 106 M.S.P.R. 333, ¶ 47 n.14 (2007) *aff'd on req. for recons.*, 109 M.S.P.R. 453 (2008); 5 C.F.R. § 1208.15. An appellant who has prevailed in a USERRA claim is entitled to "an order requiring the agency . . . to comply with" the violated USERRA provisions and "to compensat[ion] . . . for any loss of wages or benefits suffered by such person by reason of such lack of compliance." 38 U.S.C. § 4324(c)(2); *Murphy v. Department of Justice*, 107 M.S.P.R. 154, ¶ 8 (2007). The appellant has received all the relief she could have received if she had prevailed on her USERRA claim. Thus, the appellant's USERRA claim is moot and the administrative judge should not have considered it.

¶7         The appellant's petition for review simply requests review of the initial decision. PFR File, Tab 1 at 5. Her one-sentence request fails to meet the Board's criteria for granting a petition for review. *See* 5 C.F.R. § 1201.115. Specifically, the appellant has not provided any new and material evidence or

legal argument, or shown any legal error in the administrative judge's analysis that affects the outcome of the case. *See* 5 C.F.R. § 1201.115(b), (d). Further, the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find that the appellant has not provided a sufficiently sound reason on review to overturn the administrative judge's credibility determinations. *See* ID at 10-19, 23. For these reasons, we find that the administrative judge correctly dismissed the appeal as moot.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.